IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PRINCE D. KEY,

                              Plaintiff,

   v.

ROBERT SHANNON and JOSHUA KOLBO,

                            Defendants.

OPINION and ORDER

17-cv-521-jdp

---

      Pro se plaintiff Prince D. Key, an inmate at Wisconsin Secure Program Facility (WSPF), alleges that defendants, prison officials at WSPF, violated his rights by failing to provide him with his medication on four occasions. In a July 18, 2019 order, I dismissed Key's retaliation and equal protection class-of-one claims in their entirety. Dkt. 44. I also dismissed all of Key's Eighth Amendment deliberate indifference and negligence claims relating to three of the four incidents. But it was unclear from the parties' summary judgment materials whether there was a genuine issue of material fact regarding whether defendant Robert Shannon denied Key promethazine, a stomach-pain medication, on February 21, 2017. I directed the parties to submit supplemental briefing and provide any other relevant evidence they had regarding whether Key was prescribed promethazine at the time of that incident.

      The parties have submitted two rounds of supplemental briefing. Key also submitted a motion for reconsideration of my dismissal of some of his claims, Dkt. 47, which I will address first.

**A. Motion for reconsideration**

      Key asks me to reconsider dismissal of his equal protection class-of-one and First Amendment retaliation claims. I concluded that Shannon was entitled to qualified immunity

on the class-of-one claims because that type of a claim is not clearly established in the prison context. Dkt. 44, at 14–15. In his motion for reconsideration, Key says that the proper standard to apply is whether defendants can articulate a rational basis to support their actions, and that he can show that defendants had no rational basis to single him out. Key discusses the substantive legal test to be applied to this type of a claim, but I did not dismiss his claim on the substance; I dismissed it under the doctrine of qualified immunity. That is, even had I concluded that defendants did violate his equal-protection rights, defendants cannot be liable for money damages because this type of claim—"class of one" claims in the prison context—is not clearly established by United States Supreme Court or Seventh Circuit Court of Appeals case law. So the substantive elements of Key's proposed claim are irrelevant to the qualified immunity analysis. I will deny his motion for reconsideration regarding these claims.

Key alleged that Shannon retaliated against him for filing an inmate grievance by requiring him to remove his du-rag and stand in the middle of his cell to receive his medications. I granted summary judgment to Shannon on these claims because I concluded that requiring Key to remove his du-rag or stand in the middle of his cell were not sufficiently harsh to deter a person of ordinary firmness from engaging in protected First Amendment activity in the future. *Id.* at 13. Key challenges my conclusion, stating that his claim is not limited to those actions. Key says that Shannon knew that he suffered pain from his ulcerative colitis and used his medications "as a weapon to force Key to comply with [Shannon's] arbitrary demands." Dkt. 47, at 2–3. Key says that "[b]eing left to endure extreme pain for hours is precisely the type of torture tactic that will and has deterred 'a person of ordinary firmness' from exercising his right to complain and seek redress." *Id.* at 3.

The problem for Key is that at summary judgment, he established only the first delay in medication, on February 21, 2017, as being hours long. But that incident is not the subject of his retaliation claim. For the following three incidents, Key faced only minimal delays in receiving his medication. Had Shannon actually withheld Key's medication for hours as payback for Key's grievance, that would likely be harsh enough of an action to support a retaliation claim. But here, Shannon forced him only to remove his du-rag or stand in the middle of his cell, which I have already concluded is not harsh enough to violate the First Amendment. So I will deny Key's motion for reconsideration on these claims.

**B. Motion for summary judgment**

Key alleges that defendant Shannon acted with either deliberate indifference or negligence toward his serious medical need—stomach pain caused by his ulcerative colitis—by denying him promethazine, an antihistamine prescribed to treat his stomach pain. Key also alleges that defendant Kolbo was deliberately indifferent because he approved Shannon's denial. But the parties' summary judgment materials did not make clear whether Key was actually prescribed promethazine at that time. I ordered the parties to provide supplemental briefing and materials addressing whether Key was prescribed promethazine on February 21, 2017.

In their first supplement, defendants rely largely on interpretation of Key's "Medication/Treatment Record," a document listing Key's medications and denoting the specific days Key received each medication in his cell. Dkt. 46-1, at 2–4. Defendants submit a declaration from Sarah Martin, a DOC medical program associate who can interpret the record. She says that the "02/09/17" date next to the promethazine listing means that the prescription expired on February 9, 2017. Dkt. 46, at 2. They argue that because Key was not prescribed

promethazine on February 21, 2017, Key cannot bring an Eighth Amendment claim for denial of that medication on that date.

But Key submits a declaration stating that he was taking promethazine for stomach pain "[d]uring the month of January through February 2017," Dkt. 50, ¶ 1, and that the only times he was denied promethazine were the four instances at issue in this lawsuit. *Id.* ¶ 2. In his declaration in support of his motion for reconsideration, he states that he was prescribed promethazine on February 21, 2017.

Even after the supplemental briefing, the record remained incomplete. Both sides proposed contradictory facts about Key's promethazine prescription, but they still both provided only secondhand evidence about the expiration of Key's prescription, even though Key's medical record contained more direct information about the prescription: the actual prescriber's orders explaining the length of each prescription. On August 1, 2019, I issued an order explaining the problem: defendants provided the "prescriber's orders" for plaintiff's March 2017 prescriptions for promethazine, but not the prescriber's order concerning Key's prescription for January and February of 2017—the prescription that would have covered the date in question. Dkt. 51. I gave defendants a chance to submit the prescriber's order for that prescription and I gave Key a chance to submit any evidence he had disputing that order. *Id.*

Defendants submitted additional pages of Key's prescriber's orders, including the records for January and February 2017. Those records show that Key was prescribed Phenergan (the brand name for promethazine) on January 9, 2019 with the notation "x 30 days." Dkt. 53-1, at 1. Common sense suggests that this means that the prescription was for 30 days. Defendants also submit a declaration from Martin, who explains that the prescription was for 30 days. Dkt. 53, at 4. And this matches the February 9 expiration date on the

Medication/Treatment Record. Because Key was not again prescribed promethazine until March 8, 2017, Dkt. 53-1, at 3, his medical records show that he was not prescribed promethazine on February 21, 2017. So defendant Shannon could not have been deliberately indifferent to Key's ulcerative colitis by refusing him promethazine on that date.

In his response, Key says that the medical records are inaccurate or that Shannon lied in his declaration. He points out what he believes are discrepancies in the Medication/Treatment Record and defendants' declarations. But most of these alleged discrepancies are not about the specific incident on February 21, so they are not directly relevant. If Key's point is that the records tend to show that Shannon's version of events is not credible, that ultimately does not matter for the claims remaining in this case. For purposes of summary judgment, I have already construed all factual disputes in Key's favor. The problem for Key is that his uncorroborated statement that he was prescribed promethazine on February 21 is not enough to create a genuine dispute of fact. Key's declaration might be enough to dispute a defendant's statement about what happened on a particular day, or even to dispute particular entries on the medication log. But Key does not suggest how the *prescriber's record* could be incorrect, and that record shows that Key was not prescribed promethazine on February 21. Without a prescription, Key had no right to promethazine. Defendants Shannon and Kolbo were neither deliberately indifferent nor negligent for failing to provide it to Key. So I will grant summary judgment to defendants on those claims and dismiss the case.

ORDER

IT IS ORDERED that:

1. Plaintiff Prince D. Key's motion for reconsideration, Dkt. 47, is DENIED.

2. Defendants' motion for summary judgment, Dkt. 34, is GRANTED regarding plaintiff's remaining claims. The clerk of court is directed to enter judgment for defendants and close the case.

Entered August 20, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge