IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PRINCE D. KEY,

      Plaintiff,

v.                          ORDER

ROBERT SHANNON, JOSEPH CICHANOWICZ,     17-cv-521-jdp
JOSHUA KOLBO, and GARY BOUGHTON,

      Defendants.

---

  Pro se plaintiff Prince D. Key, an inmate at Wisconsin Secure Program Facility (WSPF), alleged that defendants, prison officials at WSPF, violated his rights by failing to provide him with his medication on four occasions. In a July 18, 2019 order, I dismissed Key's retaliation and equal protection class-of-one claims in their entirety. Dkt. 44. I also dismissed all of Key's Eighth Amendment medical care and Wisconsin-law negligence claims relating to three of the four incidents. But it was unclear from the parties' summary judgment materials whether there was a genuine issue of material fact regarding whether defendant Robert Shannon denied Key promethazine, a stomach-pain medication, on February 21, 2017. After receiving supplemental materials about this incident, I concluded that the undisputed evidence showed that Key's prescription for promethazine had expired before the February 21 incident, so defendants did not violate Key's rights by failing to give him promethazine on that day. Dkt. 55, at 5. I dismissed Key's remaining claims and judgment was entered the same day. Dkt. 56.

  Key has filed a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). To succeed on a motion to alter or amend a judgment under Rule 59, the moving party must establish "(1) that the court committed a manifest error of law or fact, or (2) newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*,

722 F.3d 939, 954 (7th Cir. 2013) (internal quotation omitted). Key focuses on the February 21 incident. He contends that it was improper for me to raise the question whether Key was still prescribed promethazine that day because defendants did not make that argument in their summary judgment briefing. Key believes that defendants waived the issue. Key is incorrect about waiver; I can raise issues at summary judgment not addressed by the parties, so long as I give the parties a chance to respond to the issue I raise. *See* Fed. R. Civ. P. 56(f)(2) ("After giving notice and a reasonable time to respond, the court may . . . grant the motion on grounds not raised by a party."). That's what I did here: I gave the parties a chance to file supplemental briefing and evidence on the question whether Key was prescribed promethazine on February 21, 2017.

Key also contends that I improperly weighed the evidence to conclude that there was not a factual dispute about whether Shannon denied him promethazine on February 21. Key says that he indeed received promethazine on both February 21 and 24, which shows that he was prescribed it. He also contends that the prison's daily medication log is inaccurate.

But as I've already explained to Key, I resolved all factual disputes in his favor. His uncorroborated statements about what medications he was prescribed or what he received on February 21 might be enough to dispute Shannon's version of those same events or even the specific February 21 entries on the medication log. But his testimony about what happened in his cell on February 21 is not enough to create a genuine dispute about whether he was actually prescribed promethazine on February 21. The prescriber's order says that he was not. This is not a matter of Key's *credibility*. Rather, Key lacks the foundation to support his assertion: he doesn't provide evidence supporting his statement that he was prescribed promethazine on February 21. Therefore, it was appropriate for me to conclude that without a prescription, Key

2

had no right to promethazine on February 21, and that defendants Shannon were neither deliberately indifferent nor negligent for failing to provide it to Key that day. I will deny Key's Rule 59 motion.

ORDER

IT IS ORDERED that plaintiff Prince D. Key's motion to alter or amend the judgment, Dkt. 57, is DENIED.

Entered October 8, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge